ADAM JOHNSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. The statute authorizing the examination of persons to be committed to the State hospital for the insane does not contemplate an inquiry into the responsibility of persons for crimes committed, and an adjudication of insanity preparatory to

committment to the hospital is not a proper matter for consideration in a trial for a crime.

2. In a criminal prosecution where the issue of insanity at the time of the commission of the alleged offense is fully tried under a plea of not guilty, there is no error in refusing to allow a plea of such insanity to be filed which seeks in some of its averments to raise an immaterial issue.

3. A formal plea that a defendant is insane when placed upon trial is not necessary. If upon observation or suggestion, it appears to the court that a question as to the defendant's sanity exists, such issue may be determined by the court as may be deemed best under the law, and the trial awaits the determination of the issue. If the defendant is found to be insane, the trial will be postponed.

4. All persons are presumed to be sane; and when insanity at the time of committing an alleged offense is relied on as a defense, and the evidence for the State does not raise a reasonable doubt as to the sanity of the defendant when the offense was committed, it is incumbent upon the defendant to submit evidence sufficient to raise a reasonable doubt of his guilt. If such doubt is raised by the evidence, the defendant should be acquitted. In such cases the verdict should state the ground of acquittal and the court should make appropriate orders under the statute.

5. A certificate of the superintendent and physician of the State hospital for the insane that the defendant was in 1908 "discharged from the hospital by order of the examining board, he not being insane," is not admissible in evidence upon the issue of insanity at the commission of the alleged offense in 1900. The admission in evidence of such certificate over objection by the defendant cannot under the facts of the case be held to be harmless error.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*J. M. Calhoun,* for Plaintiff in Error.

*Park Trammell,* Attorney General for the State.

WHITFIELD, C. J.—In 1908, the plaintiff in error was convicted in the Circuit Court for Jackson County, for a murder alleged to have been committed in 1900. A plea of not guilty was entered at the arraignment, and subsequently the court refused to permit the filing of a plea that the defendant was insane at the time the crime is alleged to have been committed, that the defendant had been adjudged insane under the statute and committed to the hospital for the insane, and that the competency of the defendant to commit the alleged offense had been adjudicated.

The statute authorizing the examination of persons to be committed to the State hospital for the insane does not contemplate an inquiry into the responsibility of persons for crimes committed, and an adjudication of insanity preparatory to commitment to the hospital is not a proper matter for consideration in a trial for a crime. See Reyes v. State, 49 Fla. 17, 38 South. Rep. 257; Davis v. State, 44 Fla. 32, 32 South. Rep. 822.

The issue of insanity at the time of the alleged commission of an offense may be tried under a plea of not guilty, and as this was done in this case, there was no error in refusing to allow the plea to be filed, even if the plea was not improper in seeking in some of its averments to raise an immaterial issue.

A formal plea that a defendant is insane when placed upon trial is not necessary. If upon observation or suggestion, it appears to the court that a quetsion as to the defendant's sanity exists, such issue may be determined by the court as may be deemed best under the law, and the trial awaits the determination of the issue. If the

defendant is found to be insane, the trial will be postponed. 22 Cyc. 1213; Stewart v. State, 124 Wis. 623, 102 N. E. Rep. 1079; 4 A. & E. Ann. Cas. 389 and note; Williams v. State, 45 Fla. 128, 34 South. Rep. 279.

All persons are presumed to be sane; and when insanity at the time of committing an alleged offense is relied on as a defense, and the evidence for the State does not raise a reasonable doubt as to the sanity of the defendant when the offense was committed, it is incumbent upon the defendant to submit evidence sufficient to raise a reasonable doubt of his guilt. If such doubt is raised by the evidence, the defendant should be acquitted. Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618, 17 L. R. A. 484. In such cases the verdict should state the ground of acquittal and the court should make appropriate orders under the statute; Sec. 3992 General Statutes.

To rebut the defendant's evidence as to his insanity at the time of the alleged homicide, the court admitted in evidence over the objection of the defendant, a certificate of the Superintendent and physician at the State hospital for the insane to the effect that the defendant was on July 25th, 1908, "discharged from the hospital by order of the examining board, he not being insane."

The issue being tried was the insanity of the defendant when the homicide was committed, and even if the certificate had any bearing upon that issue, it was not legal evidence.

The statute does not make the certificate evidence for such purpose and it does not appear that the defendant had been given in a judicial proceeding an opportunity to cross examine the persons making the certificate. See Putnal v. State, 56 Fla. 86, 47 South. Rep. 864.

It cannot be said that the certificate did not influence the jury in determining whether a reasonable doubt had

been raised as to the defendant's guilt, and that the defendant was not harmed.

The judgment is reversed and the cause is remanded for a new trial.

All concur, except PARKHILL, J., absent on account of illness.