HENRY CORBIN v. STATE.

176 So. 435.

Division A.

Opinion Filed October 14, 1937.

*Cecil A. Rountree,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—The plaintiff in error was convicted in the Circuit Court of Washington County for the offense of grand larceny. His defense was that he was not guilty

because he was an insane person and was not mentally competent to realize the character and consequences of the act which he committed.

At the close of the evidence the accuser, through his counsel, requested the court to give to the jury the following instruction:

"I further charge you, gentlemen of the jury, as to the said defendant, Henry Corbin, that if, prior to the time of the commission of the alleged offense, if such an offense was committed, you believe from the evidence in the case that the said Henry Corbin was adjudged insane by the Court of the County Judge in and for Washington County, Florida, and you should further believe that he has never been judicially restored to sanity, the presumption would be that he continues insane, and that he was insane at the time he committed the alleged offense, if you believe he committed it, and unless that presumption is overcome by evidence in the case, you would be justified in believing and finding that the said Henry Corbin was insane at the time the alleged offense was committed, if you believe from the evidence such offense was committed."

The Court declined to give that instruction, to which ruling the accused reserved exception.

Under the enunciation found in Davis v. State, 44 Fla. 32, 32 Sou. 822, and Johnson v. State, 57 Fla. 18, 49 Sou. 40, the court was justified in declining to give the requested instruction. However, it appears that the enunciation found in those two cases to the effect that the proceedings and judgment of the County Judge's Court adjudging a party insane under the provisions of Chapter 4357, Laws of 1895, Sections 3654 to 3658, C. G. L., 1927, are not admissible in evidence upon the trial of the criminal charge against the party therein adjudged to be insane where insanity is

relied upon as defense to such charge, was overruled by the opinion and judgment in the case of Deeb v. State, 118 Fla. 88, 158 Sou. 880, and again in State, *ex rel.* Deeb, v. Campbell, 123 Fla. 894, 167 Sou. 805, in which case the Court said:

"In the case at bar the accused had been adjudged to be insane and was confined in the criminal ward or place set aside for the confinement of the criminal insane at the State Hospital for the Insane. He had not been discharged as cured or improved. He was released to a guardian only that he might be taken to a sanitarium where he could be specially treated for the peculiar type of insanity. from which he suffered. He was taken from that place by the Sheriff without any order or certificate from the hospital authorities that Deeb was either well or improved. Therefore, when Deeb was called to plead to the indictment he was not presumed to be a sane person; on the other hand, he was presumed to be insane because a person adjudged to be insane is presumed to continue as such until it is shown that sanity has returned. See Jones Co. v. State, 122 Me. 214, 119 Atl. Rep. 577, and extensive note with many citations in 7 A. L. R. 588.

"In that situation the evidence adduced should have established the fact of Deeb's return to a sane condition before he could be called upon as a sane person to plead to the indictment and defend the case brought against him."

In the two earlier cases the court may have been influenced by Section 6 of Chapter 4357, Acts 1895, which section was in the following language:

"The provisions of this Act shall not apply to persons charged with criminal offenses and who plead insanity."

This provision, however, was deleted from the statute by the compilers of the General Statutes of 1906 and has

been deleted from each succeeding compilation to the present time.

The rule stated in Deeb v. State, *supra,* finds support in many jurisdictions and we are convinced that the rule is sound.

In Dewey v. Allgire, 37 Neb. 6, 40 Am. St. Rep. 468, 55 N. W. 276, the Supreme Court of Nebraska said:

"At the common law an inquisition founded upon a commission *de lunatico inquirendo* resulting in an adjudication of insanity was held to be in all cases *prima facie* evidence and sometimes conclusive of the insanity of the person charged. This was upon the ground that such a proceeding was in the nature of one *in rem* to determine the status of the party and was, therefore, binding upon the whole world."

In numerous cases it has been held that a person adjudged to be insane is presumed to continue such until it is shown that sanity has returned. People v. Farrell, 21 Cal. 576; Langdon v. People, 133 Ill. 382, 24 N. E. 874; State v. McMurry, 61 Kans. 87, 58 Pac. 961; State v. Davis, 27 S. C. 609, 4 S. E. 567. The presumption raised by the adjudication is not conclusive but may be overcome by proof that the accused was of sufficiently sound mind and conscience at the time of the commission of the crime to realize the character and consequences of his act.

All persons are presumed to be sane unless they have been adjudged to be otherwise, or are shown by other competent evidence to be otherwise. "When insanity at the time of committing an alleged offense is relied on as a defense, and the evidence for the State does not raise a reasonable doubt as to the sanity of the defendant when the offense was committed, it is incumbent upon the defendant to submit evidence sufficient to raise a reasonable

doubt of his guilt. If such doubt is raised by the evidence, the defendant should be acquitted." Johnson v. State, 57 Fla. 18, 49 Sou. 40. Evidence tending to show the insanity of a defendant in a criminal case makes material and relevant evidence tending to establish his sanity when offered by the State in rebuttal. Blocker v. State, 92 Fla. 878, 110 Sou. 547.

We, therefore, hold that the defendant was entitled to have the requested instruction given the jury.

We find no other reversible error reflected in the record.

For the reasons stated, the judgment should be, and is, reversed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.