THOMAS, Justice.
We have for review an order of the circuit judge denying the petition of the appellant for a writ of habeas corpus and allowing this appeal.
The facts are gained from the petition. The petitioner was convicted in the Circuit Court of Alachua County on one information for obtaining narcotics by (1) fraud and subterfuge and (2) uttering a false prescription and on a separate information for impersonating a practitioner of medicine. He was sentenced 19 July 1949 to serve five years on each information and the judge ordered that the sentences run concurrently.
Before the petitioner commenced serving the sentences, an information charging him with the commission by him of four felonies was filed and to it he pleaded guilty. According to the record the first two sentences were then vacated and on 20 July 1949 he was sentenced to life imprisonment as a habitual criminal.
One year later, 19 July 1950, the petitioner was sentenced in the Criminal Court of Record of Orange County to serve three terms of three months, three months and six months, in the penitentiary for infrac *422 tions not defined in the record, and we cannot ascertain from the record whether or not the court required them to be served concurrently so under the applicable statute, 921.16 Florida Statutes 1949, and F.S. A., they would be “served consecutively.” These were alternative sentences, but the petitioner did not elect to pay the fines assessed. So, to recapitulate, the petitioner had served one year of a life sentence when the three sentences of three, three, and six months were imposed.
On 20 September 1951 the circuit judge in Alachua County, on petitioner’s application, vacated the life sentence because he decided that the fourth felony information Included a felony on which there had been no adjudication of guilt. This order contained' a provision that' the' petitioner be returned to the Circuit Court of Alachua County for re-sentencing. In compliance with the order, the petitioner was returned to Alachua County about 21 November 1951, but he was not sentenced again until 30 September 1952, when the circuit judge adverting to the two sentences he had first imposed ordered the petitioner , confined in the State Prison for ninety-two days on one charge and five years on the other charge. The total of these sentences, five years and ninety-two days, was the period the judge computed the petitioner would have yet to serve had ten years been originally fixed as the punishment and petitioner was given credit for time served and time gained by good conduct.
At this point, then, the petitioner had been incarcerated about three years and two months, approximately ten months in the county jail and the remainder of the time in the State Prison and he had spent one year and ten days in prison and jail between the vacation of the life sentence and the imposition of the last sentence.
When the new sentences were passed, it is clear that although the judge gave the petitioner credit for time served and gained he made the second sentences consecutive instead of concurrent. While the original sentences, then,, totalled five years, the second sentences doubled the time.
As we have said, the circuit judge intended to fix a term of imprisonment, 30 September 1952, that would be the equivalent of a term of ten years had such a sentence been imposed 19 July 1949. This is clear from a letter to the petitioner from the judge stating that in his opinion the petitioner would, if his conduct warranted it, be entitled to discharge six years and twenty days after 19 July 1949, or about 8 August 1955.
Whether or not the circuit judge was, during the time he entertained jurisdiction for the purpose of re-sentencing the petitioner, aware of the sentences imposed in the Criminal Court of Record, we do not know. It is this factor which gives rise to the problem now before us for solution.
The petitioner contends that the time of his imprisonment has, if the term of the original sentence is reduced by the time gained and served, expired and that he is, therefore, entitled to discharge. This would be true if during the time of imprisonment in the county jail and penitentiary he were also serving the sentences imposed by the Criminal Court of Record.
The petitioner specifically claims that when the life sentence was declared invalid, 20 September 1951, there was no authority to retain him except on the judgments of the Criminal Court of Record and that this status continued for more than a year which was abundant time to satisfy the three sentences of the Criminal Court of Record totalling twelve months.
We cannot agree with petitioner’s assertion, although it is plausible, because if we accept his theory, he would be given credit on the sentences imposed in the Criminal Court of Record, and credit also on the sentences imposed in the Circuit Court for the period of the interregnum, that is the time between the vacation of the Circuit Court life sentence and the imposition of the new sentences by the Circuit Court.
The petitioner has received full credit for gain time earned by .good behavior for the full period he has served computed from 19 July 1949, and, as we understand, *423 this brought the Circuit Court sentences to an end 8 August 1955.
We think the two transactions, that is prosecutions, in the two courts were independent and should be considered separately. The courts were located in different places, they exercised different jurisdiction and, so far as we are advised, neither court knew of the sentences imposed on petitioner in the other. Under the pertinent statute, Section 921.16, supra, sentences not ordered to run concurrently must run consecutively. We apprehend that one reason for such a law is a situation like the present one. One convicted of crime in more than one court cannot serve a sentence and then claim that he was simultaneously serving a sentence imposed elsewhere.
To repeat, whether or not the sentences in the Criminal Court of Record were ordered to run concurrently we do not know, but petitioner does not claim that they were. If we consider those sentences and the ones imposed by the Circuit Court as cumulative, then petitioner was to spend eleven years in prison. Under the provision of the statute specifying gain time for good conduct, Section 954.06, Florida Statutes 1941, and F.S.A., “[a] prisoner under two or more cumulative sentences shall be allowed commutation as if they were all one sentence.”
If we consider that the sentences petitioner received were the equivalent of eleven years starting to run 19 July 1949 and the petitioner’s conduct entitled him to all permissible gain time, he would be eligible for discharge about 12 February 1956.
To accept petitioner’s view we would have to ignore the fact that he would be receiving credit on the Circuit Court and the Criminal Court of Record sentences at the same time, therefore, that the sentences in the two courts ran concurrently — but we have found no basis in the record or the statutes for such a conclusion.
We have also attempted to compute the time petitioner should serve by considering the ten and one year sentences separately, that is, by figuring the gain time on the first year of a ten-year sentence, one year having elapsed between the effective date of the circuit judge’s last sentence and the date of the sentences of the Criminal Court of Record, subtracting one year and the gain time from ten years, adding one, the total period of the sentences of the Criminal Court of Record and computing the gain time on that sum. Under this formula the date on which petitioner would be entitled to release would not come earlier. Section 954.06, Florida Statutes 1941, and F.S.A.
We conclude that petitioner’s petition was premature so the order of the circuit judge discharging it is
Affirmed.
DREW, C. J., and ROBERTS and O’CONNELL, JJ., concur.