92 So.2d 641 (1957)
Earl T. PERKINS, Petitioner,
v.
Nathan MAYO, as Custodian of the Florida State Prison, Respondent.
Supreme Court of Florida, Special Division A.
February 13, 1957.
*642 Earl T. Perkins, in pro. per.
Richard W. Ervin, Atty. Gen., and Jos. P. Manners, Asst. Atty. Gen., for respondent.
TERRELL, Chief Justice.
January 14, 1949, two informations were filed against petitioner in the Circuit Court of Leon County, the first charging forgery and the second with securing goods under false pretenses. Defendant plead guilty to both charges on the same day, was adjudicated guilty and sentenced to serve five years in the state penitentiary on the charge of forgery (Case No. 1940), but said sentence was ordered vacated by the court. Sentence on the charge of securing goods under false pretenses was deferred, and the court ordered an examination as to mental condition of defendant.
January 25, 1949, two physicians appointed by the court to examine defendant made their report and found that he was not insane, that he knew right from wrong but was afflicted with a psychopathic personality. February 15, 1949, the court entered an order adjudicating defendant incompetent despite the finding of the physicians and ordered him delivered to the Veterans Hospital for treatment, subject to order of the court. On the same date the court entered an order of probation in each case, reciting the plea of guilty to the charge of forgery and to the charge of securing goods under false pretenses. In each order the court stated: "The court does hereby adjudge you to be guilty of the crime for which you have plead guilty," and further directed that defendant be treated at an institution approved by the court until further ordered. Defendant now alleges that he was released from the Veterans Hospital June 6, 1949. The records of the Circuit Court of Leon County contain no order authorizing his release, but the lack of such order does not prejudice his rights though its absence may indicate that he was prematurely discharged.
April 28, 1950, two separate informations were filed in the Circuit Court of Sarasota County charging defendant with forgery. Pleas of guilty were entered to each charge and defendant was sentenced to serve five years in state penitentiary on each charge, sentences to run consecutively. It is admitted that said sentences have been completed and that defendant was discharged from them September 15, 1956.
May 2, 1950, soon after the sentences in Sarasota County were imposed, the Circuit Court of Leon County entered two orders revoking defendant's probation for failure to observe provisions of said orders. On the same date the court adjudicated defendant guilty of forgery in Case No. 1940 and sentenced him to serve five years in the state penitentiary "to begin and run at the expiration of former sentences." On the same date defendant was adjudged guilty of forgery in Case No. 1941 (though the information charged him with securing goods under false pretenses) and sentenced him to a term of five years in the state penitentiary, *643 said last two sentences to run concurrently. He is now held in the state penitentiary under these latter sentences.
On petition of defendant writ of habeas corpus was issued by this court September 18, 1956. Respondent has filed a return and supplemental return to which petitioner has filed a traverse. Petitioner contends that he is restrained of his liberty unlawfully account of the sentences imposed by the Circuit Court of Leon County in Cases 1940 and 1941. The judgments imposed in Sarasota County are not questioned.
In support of his charge of illegal restraint, petitioner contends that the sentence in Case 1940, "to begin and run at the expiration of former sentences," is so vague, indefinite and uncertain that it is illegal as a consecutive sentence and that it was served concurrently with the sentences imposed in Sarasota County and served to completion in the state prison. It is further contended that the sentence in Case 1941, having been made to run concurrently with the sentence in Case 1940, has been completed.
We think this question is answered contrary to the contention of petitioner by Section 921.16, Florida Statutes, F.S.A., the effect of which is that sentences for offenses not charged in the same indictment or information must be served consecutively unless the court expressly requires that they, or at least some of them, be served concurrently. Cases that apparently point to a different conclusion were decided before the enactment of Section 921.16, supra. We construed said statute in Franey v. Mayo, Fla., 83 So.2d 421, and there held, among other things, that one convicted of crime in more than one court cannot serve a sentence, and then claim he was at the same time serving a sentence imposed elsewhere. We hold that under the mandatory provisions of the statute such words as "to begin and run at the expiration of former sentences" are mere surplusage.
The judgment and sentence imposed by the Circuit Court of Leon County in Case 1941, adjudicated petitioner guilty of a second offense of forgery, despite the fact that the record shows that the information in Case 1941 charged petitioner with the offense of obtaining goods under false pretenses. It necessarily follows that this adjudication and sentence as shown by the record was invalid because one charged with a crime cannot be indicted for one offense and convicted or sentenced for another, even though the offenses are closely related and may be of same general character. Penny v. State, 140 Fla. 155, 191 So. 190. It is further settled that one cannot be charged with a crime under one statute and prosecuted under another. Young v. State, 142 Fla. 361, 195 So. 569. The judgment of guilty by the trial court must conform to verdict. Holloman v. State, 140 Fla. 59, 191 So. 36; Lewis v. State, 154 Fla. 825, 19 So.2d 199. It is not inappropriate to point out that a judgment of guilt must conform to the offense for which a plea of guilty was proffered and that one cannot plead guilty to one offense and be adjudged guilty and sentenced for another.
It is next contended that the Circuit Court of Leon County relinquished jurisdiction of the cause and in effect struck it from the docket when he ordered petitioner sent to the Veterans Administration Mental Hospital.
There is no merit to this contention. The Circuit Court being one of general jurisdiction speaks only by its record and when that is deficient the remedy is by correction to make the record speak the truth and not by attempt to supply the omission by evidence aliunde. Sneed v. Mayo, Fla., 66 So.2d 865. The facts presented show without question that petitioner was committed to the Veterans Hospital by order of the court, subject to the court's further order and there is nothing in the record to show that the court relinquished its jurisdiction.
*644 It is last contended that having been adjudicated a mental incompetent by the Circuit Court of Leon County, petitioner is presumed to have remained so, until a formal adjudication of competency, and being so the adjudications and sentences imposed by the court on May 2, 1950, are illegal and void.
We think there is merit to this contention. In his supplemental return respondent confesses error as to adjudications of guilt and sentences imposed in Leon County on May 2, 1950 (Cases 1940 and 1941). Respondent contends that petitioner should be remanded for the purpose of conducting a sanity hearing as required by Section 917.01, Florida Statutes, F.S.A., and if found to be sane, a valid adjudication of guilt and sentence be imposed. Petitioner's pleas of guilty entered January 14, 1949, are valid, having been entered one month prior to the order of mental incompetency. It is true that all persons are presumed to be sane but when one is adjudicated to be insane, the presumption is that he continues in that state until shown that sanity has returned. Corbin v. State, 129 Fla. 421, 176 So. 435. One cannot be tried, sentenced or executed while insane. State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207, 156 So. 261. Petitioner having been adjudicated mentally incompetent February 15, 1949, he is presumed to remain in that state until a proper hearing is held and he is adjudicated to be mentally competent as provided by Section 917.01(2), Florida Statutes, F.S.A.
It is accordingly our view that petitioner should be remanded to the custody of the Sheriff of Leon County and by said Sheriff delivered to the Circuit Court for further proceedings in accordance with Section 917.01, Florida Statutes, F.S.A. It is also directed that the adjudications of guilt and sentences imposed in Cases 1940 and 1941 be vacated and set aside and that if petitioner is found to be sane, that proper adjudications of guilt be entered against him and sentences imposed accordingly. It is further ordered that petitioner be allowed credit for any gain time for good conduct which has been earned and accrued to him since September 15, 1956, the date he completed sentences imposed by the Circuit Court of Sarasota County and began serving the sentences imposed by the Circuit Court of Leon County.
It is so ordered.
ROBERTS, DREW and THORNAL, JJ., concur.