111 So.2d 670 (1959)
Willie Wesley HORACE, Petitioner,
v.
R.O. CULVER, Custodian, Florida State Prison, Respondent.
Supreme Court of Florida.
May 6, 1959.
Willie Wesley Horace, in pro. per.
Richard W. Ervin, Atty. Gen., and Edward S. Jaffry, Asst. Atty. Gen., for respondent.
DREW, Justice.
A writ of habeas corpus has issued upon the petition of Willie Wesley Horace, presently *671 serving three ten year sentences imposed by the Circuit Court for Levy County on March 14, 1955, upon convictions based on pleas of guilty to charges of breaking and entering in August and September of 1954. The cause is now before us for final disposition upon respondent's return.
Pleadings and exhibits herein establish that on August 5, 1950, petitioner was duly adjudged to be incompetent and was committed to the Florida State Hospital by the county judge for Leon County pursuant to Section 394.20, Florida Statutes 1949, F.S.A.; that in December, 1953, he escaped from that institution; that the events involved in this proceeding occurred after his escape, and record indications are that the above noted adjudication of incompetence remains in full force and effect.
Respondent recognizes the rule of our cases[1] holding that a person adjudged to be insane is presumed to remain in that condition until it is shown that sanity has returned. While the presumption raised by the adjudication is not conclusive, the effect of the decisions is that it must be recognized unless and until it is overcome by a contrary finding or proof that at a particular time the party previously adjudged incompetent was in fact of sound mind. In the situation at bar, the rule clearly requires that the judgments and sentences imposed against petitioner, as well as his plea to the charges against him, be vacated and set aside.
The decided cases adequately dispose of the contention that any burden might rest upon the disabled party in such circumstances to inform the court or formally plead his status. An accused cannot under our law be tried, sentenced or executed while insane,[2] and the ignorance or good faith of the court and prosecuting officers does not serve to validate a proceeding conducted in violation of this precept.
The alternative argument is that the petitioner's exclusive remedy should be by way of writ of error coram nobis.[3] While many authorities support this view when a judgment of conviction, valid on its face, is attacked on the ground that, although there was no knowledge by the parties or judicial declaration on the point, the defendant was in fact insane at the time of trial,[4] we find no case involving an actual prior adjudication of incompetence not overcome by contrary findings. In the absence of this circumstance, of controlling importance in the case at bar, a judgment would logically be aided by the ordinary presumptions[5] so as to be immune to collateral attack. This Court has, however, previously approved the use of the writ of habeas corpus to set aside a judgment of conviction in circumstances very similar to those here involved, where a prior adjudication of incompetence had not, at the time of sentence, been formally controverted or overcome, and we reaffirm the conclusions reached in that case.[6] Parenthetically, *672 the observation of the court in the case cited in footnote 6, with reference to allowing the petitioner credit for the time he has already served on any sentence that might be imposed, should be considered by the trial court in this case if it should become material in the ensuing course of events.
The judgments and sentences attacked in this proceeding are accordingly vacated, the plea of guilty is set aside and the petitioner remanded to the custody of the sheriff of Levy County[7] for further proceedings upon the informations filed against him in accordance with this opinion and the provisions of Section 917.01, Florida Statutes, F.S.A.
TERRELL, C.J., and HOBSON and THORNAL, JJ., concur.
THOMAS, J., dissents.
NOTES
[1] Corbin v. State, 129 Fla. 421, 176 So. 435; Wells v. State, Fla., 98 So.2d 795.
[2] State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207, 156 So. 261. F.S. Section 917.01, F.S.A.
[3] See Lamb v. State, 91 Fla. 396, 107 So. 535, 539.
[4] Annotation 10 A.L.R. 213, 121 A.L.R. 267. Cf. Butler v. Culver, Fla. 1959, 111 So.2d 35.
[5] Corbin v. State, note 1, supra.
[6] Perkins v. Mayo, Fla., 92 So.2d 641, at page 644: "It is last contended that having been adjudicated a mental incompetent by the Circuit Court of Leon County, petitioner is presumed to have remained so, until a formal adjudication of competency, and being so the adjudications and sentences imposed by the court on May 2, 1950, are illegal and void. We think there is merit to this contention. * * * Petitioner having been adjudicated mentally incompetent February 15, 1949, he is presumed to remain in that state until a proper hearing is held and he is adjudicated to be mentally competent as provided by Section 917.01 (2), Florida Statutes, F.S.A. It is accordingly our view that petitioner should be remanded to the custody of the Sheriff of Leon County and by said Sheriff delivered to the Circuit Court for further proceedings in accordance with Section 917.01, Florida Statutes, F.S.A. It is also directed that the adjudications of guilt and sentences imposed in Cases 1940 and 1941 be vacated and set aside. * * * It is further ordered that petitioner be allowed credit for any gain time for good conduct which has been earned and accrued to him since September 15, 1956, the date he * * * began serving the sentences imposed by the Circuit Court of Leon County."
[7] See D'Allessandro v. Tippins, 101 Fla. 1275, 133 So. 332; Kirk v. Morrison, 108 Fla. 144, 146 So. 215.