PER CURIAM.
The petition in the above cause alleges, among other things, that the petitioner in said cause, an inmate of Florida State Prison, was sentenced to imprisonment in the state prison after he had notified the court which adjudicated him to be guilty and sentenced him that he was of insane status and had never been judicially restored to sanity. Attached to the petition is what is alleged to be a certificate as to the proof of the petitioner’s adjudication of insanity. The certificate attached is a partially filled out application for restoration of sanity signed by a person who purports to be the guardian appointed by decree of the probate court of Plymouth, Massachusetts, dated the 11th day of August, 1953, adjudicating the petitioner to be an insane person. The petition and certificate are insufficient in their present form to justify the issuance of a writ of habeas corpus.
It is, therefore, ordered the application for the writ is hereby denied but with leave to the petitioner to file an amended application in proper form and containing proper exhibits (see Horace v. Culver, Fla., 111 So.2d 670).
THOMAS, C. J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.