SHANNON, Judge.
The appellant-defendant was convicted in the court below of grand larceny, and hence this appeal.
The defendant, who was twenty-one years old, was charged in a two-count information with grand larceny in the theft of watermelons of the value of more than $100 during the nights of January 11 and 12, 1958, and upon being found guilty as to •each count, was sentenced to three years •on each of the two counts, the terms to run •consecutively.
During' the trial the defendant had introduced into evidence a file from the County Judge’s office which contained an order of the County Judge dated March 4, 1957, adjudging the defendant incompetent by reason of “Psychotic personality with pathological sexuality, kleptomania.” In the file which the defendant introduced was a discharge certificate from the South Florida State Hospital, bearing date the 5th day of June 1957, which stated:
“ * * * said staff being graduates of a school recognized by the American Medical Association, are of the opinion that the said Leamon Johnson, has recovered his or her competency and is capable of managing his or her own affairs, and by order of the Medical Staff of said hospital has been ordered discharged effective the 5th day of June, 1957.”
On the same date, June 5, 1957, there is a letter from Arnold H. Eichert, M. D., to the Judge of the County Court relative to the defendant, which reads in part as follows :
“Following our telephone conversation this date, I pointed out to Leam-on’s father that if Leamon'were taken out of the hospital we could make no recommendation other than that Leam-on is not psychotic and, therefore, must answer for his crime. I pointed out the alternative that if Leamon would be kept here three months, we would be willing to work with him further and possibly have a definite recommendation. To be frank with you, I was not too hopeful about our chances of accomplishing anything even in a few months. It is my opinion that Leamon is a psycopath and not psychotic and that hospitalization will not be of any benefit to him. If you like, I will send you a more extensive report of the case at a future date.”
On rebuttal the State offered testimony of Dr. Mordecai Haber, a psychiatrist and clinical director of the South Florida State *236 Hospital, who had examined the defendant during November 1958. In the opinion of Dr. Haber the defendant was unstable, irresponsible, sexually immature, concerned with his own pleasures; his attitude toward society is characterized by a chronic and deep resentment and hostility; his behavior is impulsive and he lacks a sense of responsibility, and showed a marked indifference to the rules of society. In other words, according to Dr. Haber’s diagnosis, his examination of the defendant indicated a character disorder. The defendant’s level of intelligence, which is dull normal, and his lack of any desire to change makes correction impossible. The doctor also gave as his opinion that appellant knew right from wrong on the date of his examination and at the time of the alleged thefts.
The defendant in his brief sets out nine points, but, as we view them, his nine points take up three general propositions of law: (1) Whether one adjudicated insane is presumed to remain in that condition until such presumption has been overcome by competent evidence; (2) whether the evidence sustained the defendant’s conviction on charges of grand larceny rather than on petit larceny; and (3) whether or not it was harsh and cruel punishment to sentence the defendant to three years on each count.
The defendant had established his incompetency, and the record does not reflect any independent proceeding restoring his competency, nor an adjudication as provided by Section 917.01(2) of the Florida Statutes, F.S.A. Therefore we must consider the presumption that when one is adjudicated to be insane, it is presumed that he continues in this state until it is shown that his sanity has returned. Perkins v. Mayo, Fla.1957, 92 So.2d 641; Corbin v. State, 1937, 129 Fla. 421, 176 So. 435.
 The defendant also introduced a discharge certificate from the South Florida State Hospital and a letter from a doctor at the same institution. In a proceeding for restoration to sanity such a certificate would be prima facie proof of sanity under Florida Statute § 394.22(16), F.S.A. But the statute does not presume to extend this to a criminal proceeding such as this. Here, it is proper evidence for the jury to consider as rebutting the presumption that the condition of incompetency has continued, but no more. This is true regardless of the fact that the defendant introduced the certificate. As further rebuttal, the State introduced the testimony of Dr. Haber, to which we have already referred.
In order for a jury to weigh such evidence, however, the jury must be properly instructed, and as the Supreme Court stated in Wells v. State, Fla.1957, 98 So.2d 795, 802, reversing a conviction wherein the question of insanity was involved:
“The court should have charged the jury in an affirmative manner on the question of the presumption of insanity of the defendant. He should have told the jury that in view of the fact that it was undisputed in the record that the defendant had been adjudged insane and not restored to sanity, the presumption of insanity created thereby had to be overcome by the State by competent evidence. * *
 In his charge to the jury in this case, however, the trial court did not give the jury the clear-cut instruction that the evidence demanded. It was not for the jury to decide whether or not the presumption applied, but rather whether or not the rebuttal evidence had overcome it. The record reflects an adjudication of incompetency without a formal restoration. In light of this, the court only confused the jury by instructing them that “every person accused of crime is presumed by the law to be sane.” We believe that such instruction was error in this case. See Horace v. Culver, Fla.1959, 111 So.2d 670.
Since we must reverse this case for a new trial, it is unnecessary to review the *237 defendant’s second and third grounds at this time.
Reversed and remanded for a new trial.
ALLEN, C. J., and THORNAL, CAMPBELL, Associate Judge, concur.