458 So.2d 442 (1984)
Carl EIERLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-877.
District Court of Appeal of Florida Third District.
September 18, 1984.
*443 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Diane Leeds, Asst. Atty. Gen., for appellee.
Before HUBBART and JORGENSON, JJ., and NORRIS, WILLIAM A., Jr. (Associate Judge).
HUBBART, Judge.
This is an appeal from a summary denial of the defendant Carl Eierle's motion to vacate judgment and sentence filed pursuant to Fla.R.Crim.P. 3.850, based on a claim of ineffective assistance of counsel. The defendant Eierle was charged and convicted of first degree murder at a trial in which the defense of insanity was asserted and rejected by the jury.[1] The gist of the claimed ineffective assistance of counsel is that counsel did not seek to introduce in evidence at trial, in support of the insanity defense, an adjudication of not guilty by reason of insanity which had been entered by the court in an unrelated criminal case, involving the defendant Eierle, prior to the commission of the murder in the instant case. In that prior criminal case, the defendant Eierle had been adjudged by the trial court to be mentally competent to stand trial. It is also claimed that counsel was ineffective because he did not seek an appropriate jury instruction that this prior insanity acquittal created a rebuttable presumption of insanity as to the charged murder in the instant case. See Fla.Std. Jury Instr. (Crim.) 3.04(b) (second to last paragraph). We disagree and affirm.
In our view, counsel's failure to seek the introduction of the above evidence at trial and to request the subject jury instruction did not, as a matter of law, amount to a "deficient" performance by counsel falling "below an objective standard of reasonableness," Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674, 693 (1984), or "a substantial and serious *444 deficiency measurably below that of competent counsel," Knight v. State, 394 So.2d 997, 1001 (Fla. 1981), and therefore cannot constitute a valid ground for collateral attack of the judgment of conviction and sentence under Fla.R.Crim.P. 3.850 based on a claim of ineffective assistance of counsel. Jackson v. State, 452 So.2d 533 (Fla. 1984); Knight v. State, supra. We reach this conclusion for two reasons.
First, we think counsel committed no error at all in failing to seek the introduction of the above evidence and to request the subject jury instruction, because there was little or no legal basis for pursuing this line of defense. No Florida case, of which we are aware, has ever held that an adjudication of not guilty by reason of insanity, as here, creates a presumption of insanity as to criminal acts committed by the defendant after the entry of such an adjudication; on the contrary, at least one Florida case appears to have rejected such a rule. Johnson v. State, 440 So.2d 464 (Fla. 1st DCA 1983). The defendant Eierle cites Wells v. State, 98 So.2d 795 (Fla. 1957) and Corbin v. State, 129 Fla. 421, 176 So. 435 (1937), as authority for this asserted proposition of law, but both of these cases involved mental incompetency adjudications entered in civil commitment proceedings, rather than acquittals based on a defense of insanity, and are entirely inapposite to the instant case. Indeed, these cases are in line with other similar Florida cases on this subject, all involving mental incompetency adjudications entered in civil commitment proceedings, rather than insanity acquittals entered in criminal proceedings. See e.g., Horace v. Culver, 111 So.2d 670 (Fla. 1959); State ex rel. Deeb v. Campbell, 123 Fla. 894, 167 So. 805 (1935); Deeb v. State, 118 Fla. 88, 158 So. 880 (1935); Hixon v. State, 165 So.2d 436 (Fla. 2d DCA 1964); Johnson v. State, 118 So.2d 234 (Fla. 2d DCA 1960); see also Eason v. State, 421 So.2d 35 (Fla. 3d DCA 1982).
The reason for this implicit distinction in the cases seems clear. An acquittal by reason of insanity in a criminal case is not a determination of present mental incompetency, as is true of an adjudication of mental incompetency entered in a civil commitment proceeding. Such an acquittal is, instead, an adjudication that the defendant in the past was temporarily insane when he committed the criminal act for which he was charged. This past mental incompetency, however, does not continue to the time of the defendant's trial where, as here, the defendant has been adjudged by the court to be mentally competent to stand trial. Indeed, such an adjudication of competency to stand trial would seem to dissipate any prior presumption of insanity which may have arisen from the defendant's past acts of temporary insanity. It would, therefore, seem clear that an acquittal by reason of insanity in a criminal case, where the defendant has been adjudged competent to stand trial, cannot create, as urged, a presumption of insanity as to any criminal act committed by the defendant subsequent to the acquittal.
Second, even if there was some arguable basis for extending the law on this subject to acquittals based on insanity and that counsel was technically at fault for failing to pursue this theory of defense at trial, we can hardly call such a failure a "deficient" performance, falling "below an objective standard of reasonableness," or "a substantial or serious deficiency measurably below that of competent counsel," so as to constitute ineffective assistance of counsel under the Strickland-Knight standards stated above. Counsel, we think, is not required by these standards to pursue novel legal theories in defending a client accused of a crime, even if those theories in hindsight be considered reasonably arguable.
The summary denial of the defendant's motion to vacate judgment and sentence under Fla.R.Crim.P. 3.850 is therefore
Affirmed.
NOTES
[1] On appeal, we affirmed and certiorari review was denied. Eierle v. State, 358 So.2d 1160 (Fla. 3d DCA), cert. denied, 364 So.2d 884 (Fla. 1978).