The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Larry Eugene BLEHM,
Defendant–Appellant.

No. 86CA0452.

Colorado Court of Appeals,
Div. IV.

Nov. 24, 1989.

Rehearing Denied Dec. 28, 1989.

Certiorari Granted May 14, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, and Richard A. Hostetler, Sp. Deputy Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Larry Eugene Blehm, appeals the judgment of conviction entered on jury verdicts finding him guilty of one count of second degree burglary of a dwelling and of being an habitual criminal. We affirm.

Following the disappearance of items from an unoccupied, seasonal residence near Red Feather Lakes in early 1985, defendant was charged with the second degree burglary of a dwelling, *see* § 18–4–203, C.R.S. (1986 Repl.Vol. 8B) and, premised on seven prior felony convictions, of being an habitual criminal. *See* § 16–13–101(2), C.R.S. (1986 Repl.Vol. 8A).

When the owner entered the house in March 1985, he found all the furniture, lamps, and wall hangings missing. He noticed a pouch of chewing tobacco on the floor, and he told the police he suspected defendant of the burglary because defendant chewed the type of tobacco found there.

At trial, an employee of defendant's plant shop claimed that he, thinking defendant had purchased the furniture, had helped defendant move some of it to defendant's home and the rest of it to a local auction. The furniture taken to the auction matched items reported taken in the burglary at issue, and in two other burglaries reported at approximately that time and in the same approximate area.

The court admitted evidence of the two uncharged burglaries as similar transactions, finding that evidence admissible to show common plan, scheme, design, and modus operandi, as well as to show intent and lack of inadvertence or mistake on the part of defendant.

I.

Defendant contends that the trial court erred in admitting evidence of two uncharged burglaries as similar transactions, without requiring the prosecution to prove, by clear and convincing evidence, that defendant committed them. We agree that

the trial court erred, but find the error harmless.

Here, in response to the prosecution's notice that it was seeking to elicit testimony of two other burglaries for the purpose of showing common plan, scheme, or design, defendant moved for a hearing whereby the prosecution would be required to prove defendant's participation in the two uncharged burglaries. The trial court took judicial notice of the preliminary hearing findings in the two other burglary cases wherein it was determined that probable cause existed. Accordingly, the trial court held that the mere existence of probable cause in those cases, along with the similarity between those burglaries and the one charged, was sufficient proof to allow the similar transaction evidence to be presented to a jury.

█ Although evidence of offenses other than that for which the accused is being tried is generally inadmissible, it can be admitted under some circumstances. CRE 404(b); *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979). The commission of any uncharged crime and the defendant's identity as the perpetrator of the crime, however, must be shown by clear and convincing evidence. *People v. Botham*, 629 P.2d 589 (Colo.1981). *Cf. People v. Duncan*, 754 P.2d 796 (Colo.App.1988). The mere existence of probable cause is not sufficient to meet the clear and convincing standard. Hence, the trial court erred in admitting this evidence.

█ Nevertheless, properly admitted evidence established that defendant and his employee drove to the residence in question, that defendant entered, and that they loaded furniture and other items into the van they were driving and took some of it to the auction. The manager of the auction testified that defendant had brought furniture, identified as being taken during the burglary, to the auction for consignment, and presented documents supporting that testimony. In addition, the owner of the home which defendant was charged with burglarizing testified that he had not given defendant permission to enter his home, nor to sell his furniture.

We conclude that, independent of the erroneously admitted similar transaction evidence, this evidence overwhelmingly established defendant's guilt. Hence, the error did not substantially influence the verdict, nor impair the fairness of the trial. Accordingly, we find it harmless. *See People v. Gaffney*, 769 P.2d 1081 (Colo.1989); *Callis v. People*, 692 P.2d 1045 (Colo.1984).

## II.

Arguing that each of his prior felony convictions was constitutionally infirm, defendant next contends that the trial court erred in denying his motion to dismiss the habitual criminal counts. He also asserts that because he had been adjudged insane and never restored to sanity, he cannot have been competent to have entered the prior guilty pleas. We disagree.

█ A person convicted of a felony, who has been three times previously convicted upon separate felony counts, may be charged and, if convicted, will be designated as an habitual criminal, and is subject to imprisonment for life. Section 16–13–101(2), C.R.S. (1986 Repl.Vol. 8A); *Lacy v. People*, 775 P.2d 1 (Colo.1989).

█ A defendant attacking the constitutionality of a prior conviction in habitual criminal proceedings must make a prima facie showing that the guilty plea was unconstitutionally obtained. *Lacy v. People, supra; People v. Wade*, 708 P.2d 1366 (Colo.1985). A prima facie showing means evidence that, when considered in a light most favorable to the defendant, will permit the court to conclude that the conviction failed to meet relevant constitutional standards. *Lacy v. People, supra; Watkins v. People*, 655 P.2d 834 (Colo.1982). Once a prima facie showing is made by defendant, the conviction is admissible only if the prosecution establishes by a preponderance of the evidence that the conviction was obtained in accordance with the defendant's constitutional rights. *Lacy v. People, supra.*

Defendant had been previously charged with and convicted of seven felonies. All

of the prior convictions were entered upon pleas of guilty by the defendant in either Colorado or Florida.

Defendant was first adjudicated not guilty by reason of insanity in 1968 and was committed to the Colorado State Hospital. During the ensuing eleven years, all seven of the offenses here at issue occurred, as did one other Colorado proceeding and a Florida proceeding, in each of which he was found not guilty by reason of insanity. The five Colorado offenses at issue occurred after the Colorado and Florida insanity adjudications. At no time was defendant ever adjudged to have been restored to sanity.

Because we conclude that the law of Florida and Colorado differ as to the validity of a conviction based upon a plea of guilty by one previously adjudged insane, and not restored to sanity, we analyze the prior convictions according to jurisdiction.

### A. *The Florida Convictions*

■ In 1970, defendant escaped from the Colorado State Hospital and later that year was arrested in Taylor County, Florida, and charged with robbery. He pled guilty and was sentenced to thirty years in the state prison. While in a county jail awaiting a federal habeas corpus hearing, he again escaped. In 1972, while on escape status, he was charged with a separate felony offense in Florida, and was found not guilty by reason of insanity, but escaped from institutionalization. He was subsequently returned to Florida and, in 1979, was convicted in Dade County after pleading nolo contendre to the escape charges.

Under Florida law, an accused cannot be tried, sentenced, or executed while insane, *Horace v. Wainwright*, 781 F.2d 1558 (11th Cir.1986); *Eason v. State*, 421 So.2d 35 (Fla.App.1982), or incompetent, *Jones v. State*, 421 So.2d 55 (Fla.App.1982). Ignorance or good faith of the court and prosecuting officers does not serve to validate a proceeding conducted in violation of this rule. *Horace v. Culver*, 111 So.2d 670 (Fla.1959).

Once a person charged with a crime in Florida is formally adjudicated to be insane or incompetent there must be a formal hearing before the presumption of insanity terminates. *Horace v. Wainwright, supra; Jones v. State, supra.* A defendant cannot be tried, sentenced, or executed until such a formal finding is made. *See Jones v. State, supra.*

By virtue of his earlier adjudications of not guilty by reason of insanity and the non-existence of a subsequent formal finding of sanity, defendant could not be convicted of robbery and escape in Florida. Thus, neither of those guilty pleas was voluntary.

Accordingly, the Florida convictions which form the base of counts VII and VIII of the amended complaint here were invalid as a matter of law for purposes of sentence enhancement under the habitual offenders act.

### B. *The Colorado Convictions*

As to the five prior Colorado convictions, defendant contends that they are defective because they were based on guilty pleas obtained before he was judicially found to have been restored to sanity. Defendant maintains that the existence of his prior, unresolved insanity pleas should have alerted the Colorado trial courts that conducted the providency proceedings to inquire sua sponte into his competency. He does not contend, however, that he was incompetent at the time he entered the guilty pleas. He merely alleges that he had been found insane and had not been restored to sanity.

■ We hold that a conviction predicated upon a plea of guilty in Colorado, by one previously adjudged insane, may be valid notwithstanding that he had not been judicially declared to have been restored to sanity.

■ Insanity at the time of an alleged offense is a complete defense to the criminal charge. *Parks v. District Court*, 180 Colo. 202, 503 P.2d 1029 (1972); *People v. Gillings*, 39 Colo.App. 387, 568 P.2d 92 (1977). In contrast, one found incompetent to proceed is committed to the custody of the Department of Institutions until such time as he is able to assist his counsel to

complete the proceedings. Hence, incompetency merely abates the action, and is procedural in effect, while insanity is substantive, and renders a defendant not guilty. *People v. Gillings, supra.*

One is incompetent to proceed when he suffers "from a mental disease or defect which renders him incapable of understanding the nature and course of the proceedings against him or of participating or assisting in his defense or cooperating with his defense counsel." Section 16–8–102(3), C.R.S. (1986 Repl.Vol. 8A).

■ Although an insanity adjudication results in a presumptive continuation of that mental state until it is shown that sanity has been restored, *see People v. Chavez,* 629 P.2d 1040 (Colo.1981); *cf. People v. Giles,* 662 P.2d 1073 (Colo.1983), the mere fact that one is insane does not necessarily render him incompetent to proceed. *See People v. Gillings, supra.* Nor does it necessarily render him incompetent to enter a guilty plea. It is in the hearing mandated by Crim.P. 11 that defendant's competency must be determined. *Cf. People v. Coca,* 39 Colo.App. 264, 564 P.2d 431 (1977).

Accordingly, defendant's prior adjudications of insanity constitute no *per se* bar to his Colorado convictions if those convictions are otherwise valid.

### C.  *Other Claims of Infirmity*

The dispositive issue thus becomes whether there are other defects in the Colorado felony convictions that would bar their use in the habitual criminal proceeding.

■ The basis for count VI of the amended complaint is defendant's conviction for escape in Mesa County. During the providency hearing on the escape charge, the court failed to apprise defendant of the culpable mental state element for escape, and the record does not affirmatively demonstrate that defendant understood the missing element. And while the crime of escape is relatively simple of understanding by persons of ordinary intelligence, *see Lacy v. People, supra,* the mental state element is crucial to it, and must be understood by one who enters a guilty plea to the charge. Because the record reveals that defendant did not understand that element of the charge, the conviction cannot survive constitutional scrutiny. *See Lacy v. People, supra; Harshfield v. People,* 697 P.2d 391 (Colo. 1985).

The basis for count II of the amended complaint is defendant's conviction for conspiracy to commit escape in Fremont County. The basis for count III is defendant's conviction for "Grand Theft" in Mesa County. In count IV, it is a conviction for conspiracy to commit escape in Boulder County. A conviction for aggravated robbery forms the basis for count V.

As to each of these four convictions, our examination of the record convinces us that defendant's guilty pleas are untainted by any defect, and that defendant failed to make a prima facie showing that these guilty pleas were unconstitutionally obtained. *See Lacy v. People, supra.* Hence, there were at least four constitutionally proper felony convictions of record, and the trial court did not err in denying defendant's motion to dismiss the habitual criminal charge.

Furthermore, the evidence was undisputed that defendant was the person convicted in these prior felony proceedings and, thus, his adjudication as an habitual criminal is properly premised thereon.

The judgment of the trial court is affirmed both as to the burglary charge and as to the habitual criminal adjudication.

TURSI and REED, JJ., concur.