KANNER, Judge (Ret.).
Defendant-appellant, James Robert Byrd, was by the jury found guilty on December 16, 1960, of manslaughter under an information charging him with the second degree murder of one Johnson on May 20, 1960, by stabbing him with a knife. Defendant filed a motion for new trial; but before disposition by the court of the motion, he was on August 4, 1961, adjudged insane as the result of psychiatric examinations conducted pursuant to his motion in connection with another charge laid against him, that of assault on May 13, 1961, with intent to commit murder in the first degree. The adjudicated insanity and ensuing hospitalization of defendant caused delay of his trial in that case until August of 1964, the authorities at the Florida State Hospital having reported to the court on May 4, 1964, that defendant then was mentally competent. On September 3, 1964, defendant filed an amended motion for a new trial in the present cause, predicated upon asserted newly discovered evidence, that of insanity. The court, denying the motion for new trial as amended, on September 21, 1964, sentenced Byrd to serve from six months to twenty years in the state penitentiary, and this appeal was entered.
Briefly, appellant stipulated that on May 20, 1960, he killed the deceased by stabbing him with a knife, relying solely for exoneration upon self-defense. The jury, weighing the evidence, accepted the version of the state with the result above mentioned.
There are two points presented on the appeal. The first concerns certain cross-examination by the state and comment in argument to the jury, protested in the original motion for new trial and through assignments of error. Defendant voluntarily offered himself as a witness in his own behalf. In our examination of the transcript, we find no reversible error, either as to the cross-examination or as to the comment.
The second appeal point concerns the question of insanity raised under the amended motion pursuant to section 920.04 (3), Florida Statutes, F.S.A., based on asserted discovery of new and material evidence. The evidence referred to has to do with the later case of Byrd v. State, to which we made reference above, Fla.App., 178 So. 886, opinion filed on September 24, 1965, wherein defendant’s single defense against the charge of assault with intent to commit first degree murder was insanity. Our opinion in that case is one of affirmance of the judgment of conviction and sentence rendered below consequent upon the jury’s verdict of guilty as against the defense of insanity. There, we pointed out that the crucial question is whether or not the defendant could distinguish right from wrong at the time of the act charged.
The record of the trial proceeding now before us is wholly devoid of anything with regard to defendant’s mental condi *886 tion; but, as stated, he relied solely upon self-defense. It was over a year subsequent to the act alleged in the instant case before the question of insanity first arose; this was in connection with the later assault charge; and this insanity aspect is made the basis for defendant’s amended motion. Since the premise of insanity came into being long after the act here charged and also since this court in the mentioned subsequent assault case affirmed the judgment entered upon the jury’s verdict by which Byrd’s defense of insanity was rejected, we need say nothing further.
Affirmed.
SHANNON, Acting C. J., and SMITH, J., concur.