PER CURIAM.
Appellant was charged in a three-count information with several narcotics violations. He pleaded not guilty by reason of insanity and waived jury trial. Thereafter, the trial court found the appellant to be insane and incompetent to stand trial, pursuant to § 917.01, Fla.Stat., F.S.A. Subsequently, what was purported to be an incompetency proceeding came on to be heard before the trial court, the result of which was that the appellant was convicted of two counts contained in the information and sentenced accordingly. This appeal ensued and the appellant has preserved several points for review.
The only one we deem pertinent is that the trial court erred in failing to enter a formal adjudication of competency, pursuant to § 917.01, Fla.Stat., F.S.A., prior to proceeding with the trial of the cause. The State concedes that no such order was entered. We therefore reverse the adjudication of guilty under the two counts as charged in the information, vacate the sentences thereon, and return the matter to the trial court for an appropriate order as to the appellant’s competency and thereafter for further proceedings as the trial judge shall direct.
The record reveals that the appellant was adjudicated in direct contempt and sentenced accordingly for acts which occurred in the presence of the court, subsequent to the pronouncement of guilt. In making a determination of the validity of this contempt order and sentence, the date the trial court ultimately determines to be the date of competency of the appellant becomes essential. If said order [nunc pro tunc] determines the competency prior to the incident, the adjudication of contempt and sentence should stand. If the appellant is determined to he competent at a time subsequent to the incident which gave rise to the contempt, then obviously he could not be guilty of contempt and the trial judge should be so governed.
Reversed and remanded, with directions for further proceedings in the trial court not inconsistent with this opinion.