RAWLS, Judge.
Appellant-defendant Willie Butler appeals a judgment of conviction of first degree arson. The principal points urged are that the trial court erred in (1) refusing to allow a lay witness to voice her opinion as to the question of defendant’s sanity at the time of the alleged offense, and (2) failing to hold a hearing to determine defendant’s mental condition pursuant to Florida Criminal Procedure Rule 1.210(a), 33 F.S.A.
The facts are undisputed that this defendant, at the time alleged, set fire to a dwelling house. The only litigable issue at the trial was the question of defendant’s sanity at the time of the offense, that being in the early morning hours of February 4, 1971. Subsequent to his arrest, the trial court inquired as to defendant’s mental condition. A court-appointed psychiatrist, who had previously (October 1968) been appointed by the court to conduct a sanity evaluation of defendant, examined him on March 19, 1971, and concluded that defendant was a chronic schizophrenic and mentally retarded. This psychiatrist had treated defendant as an outpatient of the Leon County Health Center. On April 15, 1971, another court-appointed psychiatrist, after examining defendant for approximately one hour, concluded that he suffered no psychosis and knew the difference between right and wrong at the time of the offense. As a result of the above examinations, defendant was adjudicated insane and committed to the Florida State Hospital. On August 18, 1971, the Chief Physician of the State Hospital recommended that defendant be discharged. He was brought to trial on August 24, 1971, and on the same date, without a hearing, the trial judge entered a nunc pro tunc order adjudicating defendant “. to be legally sane and mentally competent to stand trial . . . as of Aug. 20, 1971.”
We first consider defendant’s contention that the trial court erred in not *510 permitting a lay witness to testify as to the sanity of defendant at the time of the offense. As stated above, this was the crucial defense issue. The two court-appointed psychiatrists who had previously examined defendant testified substantially to the same findings as reflected in their respective reports which resulted in defendant being adjudicated insane. After a proper predicate was laid, defendant’s sister was asked her opinion as to defendant’s sanity at the time of the offense. The trial court in sustaining the State’s objection opined that: “She can state what she has observed, and what observations she has made, but the question of the sanity is a legal question and not a medical question.”
Byrd v. State[1] is squarely in point. There, two psychiatrists testified that in their opinion Byrd was insane at the time he was charged of committing the crime of an assault with intent to commit murder. The State’s sole witness in proof of Byrd’s sanity was a deputy sheriff, who testified that he knew defendant on a first name basis; had observed him within the framework of the events leading up to, during and subsequent to the assault; and expressed his opinion as a layman, that Byrd was sane. Upon the authority of Byrd, we hold that the sister of appellant Butler, who had observed him over the long period of time during which he suffered a mental disorder and prior to the instant offense, was competent to voice her lay opinion as to his sanity.
We now turn to the second point concerning a failure on the part of the trial court to hold a hearing to determine defendant’s mental condition. At a hearing held on May 28, 1971, defendant Butler was legally adjudicated mentally incompetent. On August 18, 1971, the court, after observing that the Chief Physician of the Florida State Hospital had recommended that defendant be discharged, entered an order directing his discharge. As recited above, on the day of the trial, August 24, 1971, the trial court entered an order based solely on the competency discharge issued by the Florida State Hospital on August 19, 1971, and, without holding any hearing as to defendant’s mental competency, held in said order that “. . . said defendant is now mentally competent and able to stand trial . ” It was at this stage of the proceedings that the question of sanity was a legal question and not a medical question, and which was not “legally” decided. This record discloses an implied waiver of same on the part of defendant. However, inasmuch as this cause must be reversed as to point one, the trial court upon remand should grant a hearing on the defendant’s mental condition in compliance with Florida Criminal Procedure Rule 1.210(a).
Reversed and remanded for a new trial.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.

. Byrd v. State, 178 So.2d 884 (2 Fla.App.1965).