290 So.2d 562 (1974)
Homer L. PARKS, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1022.
District Court of Appeal of Florida, Fourth District.
February 15, 1974.
*563 Richard L. Jorandby, Public Defender, Bruce J. Daniels, Asst. Public Defender, and H. Joseph McGuire, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Appellant was convicted of a criminal offense and appeals.
This opinion turns upon the administration of Rule 3.210(a)(3), Florida Rules of Criminal Procedure, 33 F.S.A. as follows:
"(3) If the Court decides that the defendant is insane, it shall commit him or her to the Division of Mental Health for hospitalization under the provisions of Fla. Stat. § 394.467, F.S.A. The order of commitment shall request that the defendant be examined and a written report be furnished the Court, stating (1) whether there is a substantial probability that the defendant will become mentally competent to stand trial within the foreseeable future and, if so, (2) whether progress toward that goal is being made. The defendant's attorney, as his representative, shall not waive any hearing authorized by Fla. Stat. Ch. 394, F.S.A., and shall file a report with the Court within the first six months after hospitalization and each year thereafter stating what progress, if any, is being made in the treatment of defendant. Such representative shall be authorized to consent, on behalf of defendant, to necessary surgical or medical treatment and procedures. If at any time the Division of Mental Health shall consider that the defendant is mentally competent to stand trial, the proper officer of the institution where defendant is hospitalized shall promptly notify the Court to that effect in writing and place the defendant in the custody of the sheriff. The Court shall thereupon conduct a hearing on the mental competency of the defendant." (Emphasis supplied by appellant.)
"(4) If at any time after such commitment the Court decides, after hearing, that the defendant is competent to stand trial, it shall enter its order so finding and declaring the defendant sane, after which the Court shall proceed with the trial." (Emphasis supplied by appellant)
The crux of the problem is found in appellant's Point I, as follows:
Whether an accused can be declared competent to stand trial on the trial judge's own motion without a hearing when the accused has previously been declared incompetent to stand trial.
Indeed the record shows and it is not disputed that appellant was adjudicated in proper manner to be insane and incompetent and duly committed. Thereafter, without a hearing, the appellant was deemed to be competent, based on receipt of an ex parte letter from a doctor at the Florida State Hospital. He was brought to trial and then convicted.
It is our view that the legal status of the appellant can not be adjudicated from incompetent to competent without a hearing and the mandatory language of the rule *564 above stated corroborates this. Forasmuch as we know, short of a proper judicial inquiry in the form of a hearing, the appellant was incompetent to stand trial at the time he was tried. See Butler v. State, Fla.App. 1972, 261 So.2d 508.
And so what shall we do? We do temporarily remand the cause to the Circuit Court of Orange County with respectful directions that the competency of the appellant at the time of his trial be determined in a full hearing as required by Rule 3.210(a)(3) and (4), Florida Rules of Criminal Procedure. The Circuit Court will please enter its order thereon and transmit same, together with all other pertinent records and transcripts, to this court. Upon receipt thereof we will then proceed, depending upon the content of same, to consider further the proper disposition of this appeal. See Fowler v. State, Fla. 1971, 255 So.2d 513; Pedrero v. State, Fla.App. 1972, 262 So.2d 737; cf. Palmer v. State, Fla.App. 1972, 264 So.2d 46.
It is so ordered.
CROSS and DOWNEY, JJ., concur.