PER CURIAM.
Appellant was convicted on charges of breaking and entering with intent to commit a felony, to wit, grand larceny, and was sentenced to imprisonment for a term of five years.
Several points are urged for reversal by appellant, but we need only consider the question of whether appellant was entitled to a sanity hearing to determine whether he could stand trial. The charges against appellant were filed by information on July 31, 1972. On October 25, 1972, he moved for a mental examination pursuant to Florida Criminal Procedure Rule 3.210, 33 F. S.A.; and on November 30, 1972, an order was entered following such examination declaring appellant to be mentally incompetent and unable to assist counsel. Accordingly, appellant was committed to the State Hospital at Chattahoochee.
On January 31, 1973, the State Hospital staff rendered its report finding that appellant was no longer insane and finding further that he could now assist counsel in his defense against the pending charges.
The charges were set for trial on April 16, 1973, but before the trial commenced counsel made a new motion for a mental examination, asserting again that appellant was not then, some two and one-half months after he had been certified sane by the hospifal staff, mentally competent to stand trial. This motion was denied without hearing and the case went to trial and judgment.
Florida Criminal Procedure Rule 3.-210(a) provides in material part:
“If, after a defendant haá’ been committed to an institution as insane, the proper officer of such institution is of the opinion that the defendant is sane, the court shall fix a time for a hearing to determine whether the defendant is sane. The hearing shall be conducted in the same manner as the original hearing to determine the defendant’s sanity. If found sane, the trial shall proceed; if found insane, he shall be recommitted as hereinabove set forth.”
It seems clear from the language of the rule in question that a new hearing is contemplated after a person has been certified able to stand trial by the mental institution. As held by this court in Butler v. State, 261 So.2d 508, the determination of whether an accused is mentally competent to stand trial is a legal question which must be judicially decided after the doctors have rendered their medical opinion as to the accused’s competency to stand trial.
Accordingly, this cause is remanded to the Circuit Court of the Third Judicial Circuit in and for Suwannee County with directions to follow the same directions outlined by the Supreme Court of Florida in Fowler v. State, Fla., 255 So.2d 513.
SPECTOR, Acting Chief Judge, Mc-CORD and BOYER, JJ., concur.