294 So.2d 721 (1974)
Eugene EMERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 73-104.
District Court of Appeal of Florida, Fourth District.
May 17, 1974.
Richard L. Jorandby, Public Defender, Norman J. Kapner, Asst. Public Defender, and Bruce Zeidel, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was convicted of murder in the first degree and sentenced to life imprisonment. The sole point on appeal warranting consideration is the sufficiency of the evidence to overcome appellant's defense of insanity.
Appellant had been adjudicated incompetent prior to the homicide involved herein. Thus, his plea of insanity placed the burden of proof upon the state to show he was sane at the time of the homicide. Wells v. State, Fla. 1957, 98 So.2d 795; Johnson v. State, Fla.App. 1960, 118 So.2d 234. We have carefully reviewed the testimony bearing on the question of appellant's sanity at the time of the offense and are impressed with its inadequacy to prove appellant's sanity within the limits of the McNaughton rule beyond and to the exclusion of every reasonable doubt. Accordingly, the judgment of conviction and sentence is reversed and remanded for a new trial.
Though not raised in the briefs, we note the only indication in the record of an adjudication of competency to stand trial is a docket entry that such a finding was made. It is our view that Rule 3.210, RCrP, 33 F.S.A., and Rodriguez v. State, Fla.App. 1970, 241 So.2d 194, require a written order of the court determining the defendant to be competent to stand trial.
Reversed and remanded.
CROSS, J., and NANCE, L. CLAYTON, Associate Judge, concur.