318 So.2d 498 (1975)
Edward BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 74-183.
District Court of Appeal of Florida, Second District.
September 5, 1975.
*499 James A. Gardner, Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Edward Bell appeals his judgment and sentence to life imprisonment for first degree murder, after a jury verdict of guilty.
Bell first contends that his motion for discharge for failure to comply with Rule 3.191(a)(1) RCrP, the speedy trial rule, should have been granted. At the hearing on his motion the trial court denied the motion on the ground that Bell had not been "available" for trial.
Bell was taken into custody on June 10, 1972, and charged by information on July 27, 1972, with first degree murder. His case was set for trial on October 23, 1972, at which time defense counsel requested that Bell be examined to determine if he were mentally capable to stand trial. Bell was committed on December 4, 1972, to the Florida State Hospital, Division of Mental Health, in Chattahoochee, Florida. On February 22, 1973, based upon the report of the Division of Health, the lower court found Bell mentally competent to stand trial and ordered his release to the custody of the Sheriff of Collier County for the purpose of trial. On March 23, 1973, the Division of Mental Health released Bell to the Sheriff. The court did not conduct a hearing at that time on the mental competency of the defendant as required by Rule 3.210(a)(3) RCrP, but rearraigned him on April 6, 1973. Defense counsel requested ten days within which to file motions, agreeing that this time should be chargeable to Bell under the speedy trial rule.
Thereafter, on August 6, 1973, defense counsel filed a motion for taking depositions, which were taken on August 14, 1973. On September 7, 1973, Bell filed a written demand for disclosure. On September 13, 1973, defense counsel requested an order for competency examination by Dr. Robert Wald. Dr. Wald's report, as *500 well as Dr. Thornton's, was served on September 24, 1973.
Trial was set for September 24, 1973, and on the same day Bell filed his motion for discharge, which was heard prior to trial. At this hearing the trial judge learned that no hearing had been conducted on Bell's mental competency, and therefore the question of his sanity had not been "legally" determined in accordance with the requirements of Rule 3.210(a)(3) RCrP. See Butler v. State, Fla.App. 1st 1972, 261 So.2d 508; Parks v. State, Fla. App. 4th 1974, 290 So.2d 562; Harrell v. State, Fla.App. 1st 1974, 296 So.2d 585. Thereupon, the trial judge continued the trial and set a date for a hearing on Bell's mental condition in compliance with the rule, which hearing was held on November 19, 1973.
At the hearing on September 24, 1973, defense counsel stated that it was his intention to rely on the defense of insanity at the time of the offense, and that this was his reason for having Bell re-examined by psychiatrists. The court permitted him to do so, and the prosecutor requested that Bell be required to file a statement of particulars in compliance with Rule 3.210(b) RCrP. The statement of particulars was not filed until December 13, 1973, after an order had been entered granting the prosecutor's motion.
When Bell moved for discharge, it is clear that he was involved in preparing his defense of insanity, and that on said date, which was also the date set for trial his trial preparation had not been completed. He had not complied with the procedures set forth in Rule 3.210(b) and (c) RCrP, and only that day obtained permission from the court to rely on the defense of insanity. It was after the trial had been postponed that Bell filed his statement of particulars and the State was given an opportunity to have experts appointed to examine him.
Under the rationale of Rubiera v. Dade County ex rel. Benitez, Fla. 1974, 305 So.2d 161, Bell was not "available" for trial within the meaning of the speedy trial rule. His motion for discharge was properly denied.
Bell's contention that the lower court erred in permitting Dr. Wald and Dr. Ogburn to testify in rebuttal because their names had not been added to the State's witness list after Bell's attorney had indicated his intention to rely on a defense of insanity is without merit. Both doctors had examined Bell on more than one occasion and both of them had recently testified at Bell's sanity hearing. Dr. Wald had actually been appointed by the court at the request of the defendant to give an opinion of Bell's mental capacity at the time of the offense. See Rule 3.210(c) RCrP. Since these doctors and their opinions were well known to the defendant and the court, the need to make further inquiry pursuant to Richardson v. State, Fla. 1971, 246 So.2d 771, was unnecessary.
Although we have determined that on the merits of the appeal the judgment and sentence should be affirmed, the record on appeal establishes that there was no order entered pursuant to CrPR 3.210(a) (4).
Therefore, this cause is remanded to the Circuit Court for Collier County with respectful directions that the competency of the appellant at the time of his trial be determined in a full hearing as required by CrPR 3.210(a)(3) and (4). The Circuit Court will please enter its order thereon and if appellant is determined to be competent the judgment and sentence appealed are affirmed. If the appellant is found to be incompetent, the judgment and sentence shall be set aside and appellant granted a new trial upon a proper determination under *501 CrPR 3.210 that he is competent to stand trial in the future.[1]
It is so ordered.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] Parks v. State, Fla.App. 4th 1974, 290 So.2d 562.