PER CURIAM.
Defendant in the trial court seeks review of his conviction of assault with intent to commit murder in the first degree and second degree, and the 10 year concurrent sentences.
Defendant, Cleveland McKnight, was indicted on August 29, 1973 for one count of murder in the first degree and two counts of assault with intent to commit murder in the first degree. After a plea of not guilty was entered, defense motion for a psychiatric evaluation was granted and two disinterested qualified experts were appointed to examine the defendant. These experts determined that defendant was competent to stand trial held on April 15-18, 1974. Conflicting evidence was presented at trial as to whether defendant had sustained permanent organic brain damage as a result of his suffering from alcoholism. The jury returned a not guilty verdict on the murder count and found the defendant guilty on the two counts of assault with intent to commit murder. Defense motion to set aside verdict was denied and thereafter several experts examined the defendant to determine his competency to be sentenced. In May 1974, having been found incompetent for sentencing, defendant was committed to the Division of Mental Health. On November 8, 1974 he was adjudged competent for sentencing and on November 21, 1974 readjudged competent therefor. The trial judge on December 3, 1974 sentenced the defendant to 10 year concurrent sentences on the two counts. This appeal followed.
Defendant first contends that the trial court erred in denying defense motion to set aside verdict on the grounds that he was incompetent to stand trial.
The record reflects the pretrial examination resulted in a determination that the defendant was competent to stand trial. Defense counsel made no objection thereto nor did the defense make any motion for a mental examination during the trial proceedings. Further, the after trial reports finding the defendant mentally incompetent to stand sentencing in no way indicated that defendant was such during the actual trial. We conclude that this point is lacking in merit. Cf. Surrette v. State, Fla.App.1971, 251 So.2d 149.
Defendant secondly urges as error the finding of the trial judge in November 1974 that he was competent to stand sentencing.
The record contains conflicting expert testimony as to whether the appellant was mentally competent to stand sentencing. There being competent substantial evidence contained therein to support the trial judge resolving the conflict in favor of the mental competency of the defendant, we will not disturb this determination on appeal. See Crum v. State, Fla.App.1965, 172 So.2d 24. Thus, this point of appellant must fail.
For the reasons stated, the judgment and sentences are affirmed.
Affirmed.