Edward BELL, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Offenders Rehabilitative Services, Respondent-Appellee.

No. 76–1156
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 24, 1976.

---

Edward Bell, pro se.

William I. Munsey, Jr., Asst. Atty. Gen., Robert L. Shevin, Atty. Gen., Tampa, Fla., for respondent-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Petitioner Bell, a Florida prisoner convicted of first degree murder in 1974, ap-peals the District Court's denial of his habe-as petition. The District Court reached the merits of his claim, although the Florida appellate court[1] on direct appeal had re-manded Bell's case for a determination of competency at trial time.[2] We vacate and remand.

Following his conviction and imposition of a life sentence, Bell appealed to the Florida Second District Court of Appeal. He claimed that the Trial Court (i) erred in failing to grant his motion to discharge for failure to comply with the Florida speedy trial rule, Fla.R.Crim.P. 3.191(a)(1) and (ii) wrongfully allowed testimony by two psy-chiatrists who were not named on the State's witness list.

The Florida appellate court affirmed the judgment and sentence on the merits, but remanded because the Circuit Court failed to enter an order as to Bell's competency at trial time. Fla.R.Crim.P. 3.210(a)(3) & (4). The appeals court directed that if on re-mand Bell is found to have been competent, the judgment and sentence are affirmed, but if he is found incompetent the ˋjudg-ment and sentence shall be set aside and he must be granted a new trial at such time as he is found competent.[3]

Bell filed his habeas petition with the Federal District Court approximately ten days after the filing of the Florida appellate opinion. The Federal Court ruled on the merits that Bell was not denied his constitutional right to a speedy trial. We do not reach that issue, however, as we believe that the Court should have disposed of the habeas petition differently.

The record indicates no disposition by the Florida Circuit Court on remand for deter-mination of Bell's competency. If he is found to have been incompetent, we assume that the Florida Trial Court will carry out the direction of the appellate court and vacate his sentence and judgment. If he is

---

**1.** *Bell v. State,* Fla.App.2d, 1975, 318 So.2d 498, 500.

**2.** Fla.R.Crim.P. 3.210(a)(3) & (4).

**3.** *Citing Parks v. State,* Fla.App.4th, 1974, 290 So.2d 562.

found to have been competent, he may carry that appeal through the Florida Courts and then refile his federal habeas petition.

The purpose of § 2254 and the policy of exhaustion is to assure that the State have the first opportunity to review decisions of its Courts. Until that time we ought not engage in any academic exercises. Therefore, we hold that on principles of comity and federalism, as well as sound judicial administration, the District Court should have dismissed Bell's habeas petition without prejudice. *United States ex. rel. Massey v. Kennedy,* 5 Cir., 1971, 446 F.2d 1388, 1389.

VACATE AND REMAND.