RAWLS, Judge.
Flicker seeks prohibition on the ground of being denied a speedy trial. Having found that the suggestion stated a prima facie case, a rule to show cause was issued by this court. We now consider the suggestion along with the state’s return.
Flicker’s initial difficulty with the law was first brought to our attention in Flicker v. State, 296 So.2d 109 (Fla. 1st DCA 1974), wherein we reviewed a factual situation that arose out of a dispute between Flicker and a Mrs. Oyler. The next record in this court involving Flicker was his plea for bail pending trial, Flicker having been indicted for first degree murder — the victim being Mrs. Oyler. On March 8, 1974, pursuant to defense counsel’s motion, Flicker was found by the trial court to be mentally incompetent and unable to assist counsel in preparation of his defense. The trial court committed Flicker to the Division of Mental Health. On September 20,1974, the trial court ordered Flicker returned to Vol-usia County “for further court action”. Pursuant to Flicker’s public defender’s motion that he be examined for the purpose of determining sanity, a psychiatric evaluation was conducted by court-appointed doctors. On January 8, 1975, the trial court, upon finding Flicker to be mentally incompetent and unable to assist counsel, entered its order committing him to the Division of Mental Health. On June 25, 1975, on its own motion, the trial court ordered Flicker to be returned from the Florida State Hospital at Chattahoochee to Volusia County for further Court action. Defense counsel again moved for additional psychiatric examination, which motion was granted. Upon this examination, the trial court found Flicker to be incompetent and unable to assist counsel, and on December 22, 1975, the trial court again committed Flicker to the Division of Mental Health. Thus, it is a matter of record that during the period between March 8, 1974, and December 22, 1975, Flicker’s defense counsel strenuously resisted putting his client on trial by reason of mental incompetency, and, upon this ground, the trial court was of the view that Flicker was mentally incapable of assisting counsel.
An extensive evaluation of Flicker’s mental condition was set out by the staff of Florida State Hospital at Chattahoochee in a report dated March 1, 1976. The report *166 concluded with the finding that since Flicker “does appear to be competent that he be returned to court for further disposition of the charges.” An order entered by the trial court on March 26, 1976, directed that Flicker be returned to Volusia County “upon the charges pending”. Flicker was returned to Volusia County on April 3, 1976.
On a date that cannot be determined from this record, Flicker filed with the trial court, in proper person a “motion to dismiss” which alleged, inter alia: “(1) Arnold Flicker was lodged in Volusia County Jail on April 3, 1976, and his quick and speedy trial never came about. (2) On Sept. 29, 1976 — 180 days has elapsed with no postponements . . . .” On January 26, 1977, the trial court entered an order reciting that Flicker had, in proper person, filed his motion for discharge under the speedy trial rules, and that the court found the matter had not been set for trial since April 3, 1976, because it was questionable whether defendant was competent to stand trial in view of numerous letters the court had received directly from the defendant and other letters discharging his counsel. The trial court again appointed the two medical doctors who had previously examined Flicker, and, upon their opinion that Flicker was mentally incapable of assisting counsel and to stand trial, again committed Flicker to the Division of Mental Health on April 13, 1977.
Of concern to this court is the void in the record between March 26, 1976, and the ensuing 180 days. Flicker did not during this period resist going to trial. Apparently, the trial court was not overly concerned as to his mental condition during the period of time from March 26, 1976, until January 26, 1977, because, insofar as this record reflects, Flicker was incarcerated in the Volusia County Jail awaiting trial. No inquiry was made during this period of time as to his mental capacity to stand trial. However, it is not controverted that although Flicker was removed from the mental hospital facility for a period of more than nine months and held in jail during this period awaiting trial, his adjudication of incompetence had not been removed. Until such adjudication is set aside, a defendant is not competent to stand trial, and thus the speedy trial period is not activated. Emerson v. State, 294 So.2d 721 (Fla. 4th DCA 1974); Rodriguez v. State, 241 So.2d 194 (Fla. 3rd DCA 1970); and Miller v. State, 332 So.2d 65 (Fla.1976).
The rule to show cause is discharged and the suggestion for writ of prohibition is denied.
McCORD, C. J., and SMITH, J., concur.