380 So.2d 1188 (1980)
Frank ALEXANDER, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1557/T4-156.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
Judith A. Ginn, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
ORFINGER, Judge.
Alexander appeals from an order denying post-conviction relief after an evidentiary *1189 hearing. He contends that the trial court erred in refusing to set aside his conviction when it learned that he had previously been adjudicated incompetent, that his competency had never been restored and without a hearing to determine his competency, although the trial court had a reasonable doubt as to his competency to stand trial. We agree and reverse.
Appellant was tried and convicted for larceny of a dwelling while armed with a knife. The motion for post-conviction relief was addressed to this charge and also a conviction about a month earlier, and requested that both convictions be set aside because appellant had been adjudicated incompetent in Orange County, Florida, on April 9, 1971, his competency had never been restored and consequently he was not competent to stand trial for either charge.
Prior to the first trial appellant had written to the judge who presided in both cases about the "... voices I am hearing, they go on all day and all night." The judge wrote that he should consult with his lawyer about that. Nothing further was done about it in the first case, but on the day prior to trial in the case sub judice, the appellant was examined by a psychiatrist, and he was also examined by another psychiatrist on the morning of the trial. Just before the trial commenced, both doctors reported to the judge by telephone that appellant was competent. Written reports were filed later. When the trial judge reported the phone conversations to counsel, the record reflects that appellant's counsel stated: "... I do not choose to go ahead with the evidentiary hearing. The doctors' oral statements are at [sic] value here, and we will proceed to trial." The case then proceeded to trial.
In the order on the combined motions to vacate the judgments, the court set aside the conviction in the first trial because of appellant's incompetency, but denied the motion in this case because he found that appellant, through counsel, had waived the evidentiary hearing and could not therefore complain that his rights had been violated. This appeal followed. We are asked to decide if an incompetent can waive a formal competency hearing.
It has long been the law of this state, as well as at common law, that a person adjudged to be insane is presumed to continue insane until it is shown that his sanity has returned. Corbin v. State, 129 Fla. 421, 176 So. 435 (1937). The presumption is not conclusive, but may be overcome by proof that the accused was of sufficiently sound mind and conscience at the time of the commission of the crime to realize the character and consequences of his act. Wells v. State, 98 So.2d 795 (Fla. 1957).
It appears without contradiction that the prior adjudication of incompetency was not known either to the court or to counsel at the time of the trial. This does not alter the legal impediment to a trial, because an accused cannot be tried while insane and the ignorance or good faith of the court and prosecuting officers does not serve to validate a proceeding conducted in violation of this precept. Horace v. Culver, 111 So.2d 670 (Fla. 1959). We must therefore make this inquiry as we would if the court knew about the prior adjudication of incompetency.
Even without the knowledge of the prior adjudication, the trial court had some reasonable doubt as to the appellant's competency, because he appointed two psychiatrists to examine him. Former Rule 3.210(a)(1), Fla.R.Crim.P., 1972, required the Court to immediately fix time for a hearing to determine a defendant's mental condition if there was reasonable ground to believe that the defendant was insane.[1]
*1190 The State recognizes the presumption that follows an adjudication of incompetency and its obligation to rebut the same, but it says that the appellant waived the necessity for a hearing, citing Fowler v. State, 255 So.2d 513 (Fla. 1971); Bolius v. State, 319 So.2d 85 (Fla. 2nd DCA 1975) and Hatchell v. State, 328 So.2d 874 (Fla. 1st DCA 1976). It is noted however, that in all three cases the defendant had never been adjudicated incompetent, so there was no continuing presumption of incompetency. Rather, there was a presumption that he was competent until proven otherwise. In Fowler, supra, the Supreme Court held that where the parties and the judge agree, the trial court may decide the issue of competency on the basis of written reports alone. The Court went on to find, however, that the parties had not agreed and that the defendant had insisted on a formal hearing, so a formal hearing was required.
A privilege or right may be waived by the person for whose benefit they were intended, provided he is sui juris. 12 Fla.Jur. Estoppel and Waiver, § 6. A defendant who is presumptively incompetent is not sui juris until so declared by the court, so he cannot waive a competency hearing. A similar problem was discussed in Parks v. State, 290 So.2d 562 (Fla. 4th DCA 1974). There the defendant had been adjudged incompetent and had been committed for treatment. Thereafter without a hearing, the defendant was deemed to be competent based on receipt of an ex parte letter from a doctor at the Florida State Hospital. He was brought to trial and then convicted. It was there held, and we agree, that the legal status of a defendant cannot be adjudicated from incompetent to competent without a hearing. The question of a defendant's sanity is a legal question and not a medical question, although based upon medical and other evidence, and it must be "legally" decided. Butler v. State, 261 So.2d 508 (Fla. 1st DCA 1972.)
One further point warrants discussion. Appellant contends that in any event, there was no legal or judicial decision made as to his competency because the Court never entered a written order. Appellant relies on Emerson v. State, 294 So.2d 721 (Fla. 4th DCA 1974), which does indeed construe former Rule 3.210, Fla.R.Crim.P., 1972, as requiring a written order of competency, in turn relying on Rodriguez v. State, 241 So.2d 194 (Fla. 3rd DCA 1970) as authority for that proposition. Reliance on Rodriguez, however, is misplaced, because Rodriguez merely holds that in a competency hearing the court is required to enter a "formal adjudication" of competency pursuant to § 917.01, Fla. Stat., (1969), which controlled those proceedings at that time.[2] And so also, in Marshall v. State, 351 So.2d 88 (Fla. 2nd DCA 1977), the Court held that under former Rule 3.210, Fla.R.Crim.P., (1972), a written order of competency was required, and again cited Emerson, supra. A fair reading of former § 917.01, Fla. Stat. (1969), and of former Rule 3.210, Fla.R. Crim.P., (1972), fails to reveal any requirement for a written order. Both the Statute and the Rule require a "decision" and the form of the order is not mentioned. In fact, Section (a)(3) of the former Rule specifically calls for written reports under certain circumstances, so it would appear that if the Supreme Court had required written orders, it would have said so. An analogous situation can be found in the requirement that a court first make a decision on the voluntariness of a confession before it can be admitted into evidence. It has been held that the court's conclusion and finding of voluntariness must appear in the record with "unmistakable clarity" but it has also been held that the court need not make formal findings of fact or write an opinion. Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967); McDole v. State, 283 So.2d 553 (Fla. 1973). If the court can make *1191 a verbal finding on the record on a matter as important as the voluntariness of a confession, it would seem that the court can also make a verbal finding on the record that an accused is competent. We find no legal requirement for a written order so long as the record accurately reflects the court's findings.
For the reasons expressed, the order appealed from is reversed, with directions to the trial court to set aside the judgment of conviction and to grant the appellant a new trial, after first determining in a formal hearing the matter of defendant's competency.
REVERSED and REMANDED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] 3.210(a)(1) If before or during trial the court, of its own motion, or upon motion of counsel for the defendant, has reasonable ground to believe that the defendant is insane, the court shall immediately fix a time for a hearing to determine the defendant's mental condition. The defendant shall designate his attorney to serve as his representative under Fla. Stat. § 394.459(11), F.S.A., in the event the defendant is found mentally incompetent. The court may appoint not exceeding three disinterested qualified experts to examine the defendant and to testify at the hearing as to his mental condition. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party.
[2] 917.01, F.S. 1969: (2) "If the court, after the hearing decides that the defendant is sane, it shall proceed with the trial. If, however, it decides that the defendant is insane, it shall take proper steps to have the defendant committed to the proper institution.