BASKIN, Judge.
Defendant seeks reversal of his convictions of six counts of robbery and related firearm charges, contending that because his trial was conducted without a determination by the court that he had regained his sanity, prior adjudications of insanity precluded his convictions. At arraignment, the court appointed three psychiatrists to examine defendant Wells when the state advised the court that defendant Wells had previously been found not guilty by reason of insanity. The medical reports, filed the day before trial, indicated that he was competent to stand trial. Defense counsel did not request a ruling concerning defendant’s sanity or competence to stand trial even though it is clear that, when the parties’ attorneys and the judge agree, the trial court may decide the issue of competency on the basis of written reports. Lopez v. State, 405 So.2d 484 (Fla. 3d DCA 1981); see McKnight v. State, 319 So.2d 647 (Fla. 3d DCA 1975). At defendant’s request and with the consent of the state, the court conducted a non-jury trial after the court inquired whether defense counsel was satisfied the defendant understood the consequences of the waiver of a jury. Trial counsel indicated that Wells understood. Although defendant Wells had filed a Notice of Intent to Rely on the Defense of Not Guilty by Reason of Insanity, he did not call the psychiatrists listed in his pleadings as witnesses.
Defense counsel made no objection to the imposition of sentence. Seven days after sentencing, defense counsel filed a motion for judgment of acquittal. At the hearing on the motion, trial counsel argued that the only question was defendant’s competence at the time of trial. For the first time, defendant presented evidence that he had been adjudicated incompetent in two prior cases. He reasserted his earlier motion, arguing that the “state had failed to carry its presumptions and failed to prove a pri-ma facie case.”
It appears to us that defense counsel’s strategy consisted of utilizing the state’s *773 procedural inadequacies without posing objections. While this method may be successful at times, it must fail when counsel bears the burden of notifying the court through timely objection. Neither defense counsel’s failure to challenge Wells’ competence to stand trial nor his statement that defendant Wells was competent to waive trial by jury can be ignored. The motion for judgment of acquittal, made at the close of the state’s case and renewed at the close of the defendant’s case without supporting documents, was insufficient to preserve error. Furthermore, a “bare bones motion,” which fails to state its grounds, does not raise every possible claimed insufficiency. Patterson v. State, 391 So.2d 344 (Fla. 5th DCA 1980); see also V. J. T. v. State, 390 So.2d 1212 (Fla. 3d DCA 1980).
Even if defendant’s position were correct, however, the hearing on the question of competency conducted by the court three weeks after sentencing and the opinions of the three court-appointed psychiatrists that defendant was sane, both at the time of trial and when the offenses were committed, renders unnecessary any further hearing directed to that issue. Perkins v. Mayo, 92 So.2d 641 (Fla.1957).
For these reasons, we affirm the convictions and sentences.