FERGUSON, Judge
(dissenting).
As a result of a prior adjudication of insanity defendant was presumed to remain in such condition until the state had shown that his sanity had returned. Horace v. R. O. Culver, 111 So.2d 670 (Fla.1959); Wells v. State, 98 So.2d 795 (Fla.1957); Corbin v. State, 129 Fla. 421, 176 So. 435 (1937). That presumption of continued insanity negated criminal intent, State ex rel. Boyd v. Green, 355 So.2d 789 (Fla.1978), an essential element of robbery. Bell v. State, 394 So.2d 979 (Fla.1981). Where the intent of the accused is an ingredient of the crime charged, its existence is a question of fact which must be considered on the question of guilt. Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed.2d 288 (1952).
This was a bifurcated proceeding. In the first hearing the court determined that the defendant had committed the offenses. In the subsequent hearing the court determined that the defendant was competent at the first proceeding and that he was capable of forming the requisite intent. This is essentially the procedure, legislatively created, which was invalidated by a unanimous supreme court in State ex rel. Boyd v. Green, supra, though the statute had application only to trial by jury. I see no reason why the rationale should not apply to a trial without a jury.
The state argues, and the majority agrees, that the nunc pro tunc determination of defendant’s sanity and competence was sufficient to remedy any possible error in the court’s failure to hold a pretrial competency hearing. There is considerable authority which approves, tacitly or directly, a prompt after-conviction determination of competency to stand trial. In Drope v. Missouri, 420 U.S. 162, 43 L.Ed.2d 103, 95 S.Ct. 896 (1975), the United States Supreme Court addressed the issue whether a defendant’s due process rights would be adequately protected by ordering a remand for a psychiatric examination in an effort to establish whether the defendant was in fact competent to stand trial six and one-half years earlier. The court held that “given the inherent difficulties of such a nunc pro tunc determination under the most favorable circumstances, (cited cases), we cannot conclude that such a procedure would be adequate here.” See also Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) (six-year period between time of trial and Supreme Court review); Dusky v. U. S., 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (over a one-year lapse between time of trial and review by the Supreme Court). In Williams v. State, 396 So.2d 267 (Fla. 3d DCA 1981) this court approved an after-conviction nunc pro tunc hearing to determine competency which was conducted three weeks after judgment and sentencing.
But none of the above cases approving post-conviction competency hearings are controlling because this is not simply a competency-to-stand-trial case. In this case the *774 accused came on for trial presumptively insane. Though the distinction is often blurred I think it is significant. That an accused was not competent to stand trial places no added burden on the state to prove each element of the offense. An accused who was not sane at the time of the offense, under the present state of the law, cannot be guilty of an offense requiring specific intent because the requisite element of intent is absent. In the absence of proof to overcome the presumption of insanity the defendant was entitled to an acquittal by reason of insanity, and following well-established precedent, this court would have so held — that is before today. The majority’s reliance on Perkins v. Mayo is misplaced. Consistent with this dissent Perkins holds that when one is adjudicated to be insane, the presumption is that he continues in that state and cannot be tried, convicted and sentenced until it is shown that sanity has returned.
I do not here question the wisdom of the majority in the new law which is established by this case. I dissent because until the law is changed by the legislature or the supreme court we are bound by supreme court precedent. Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
The other points discussed in the majority opinion cannot salvage what was otherwise a faulty prosecution. An incompetent or insane defendant cannot waive his right to a hearing by failing to object to the physicians’ reports. Alexander v. State, 380 So.2d 1188 (Fla. 5th DCA 1980) is the most recent of a line of cases which dispel this notion. At issue in Alexander was whether a person who had been adjudicated incompetent and had never been adjudicated competent could waive a competency hearing. There the defendant had been convicted for larceny of a dwelling with a knife. Unknown to the trial court and defense counsel, the defendant had been adjudged incompetent without a subsequent finding that his competency was restored. However, prior to trial, the court ordered examinations by two psychiatrists after the defendant complained of hearing voices all day and night. The doctors reported to the court that the defendant was competent to stand trial. After becoming aware of the psychiatric findings as contained in the reports, defense counsel stated “... I do not choose to go ahead with the evidentiary hearing ... we will proceed to trial.” Upon learning later of the defendant’s prior adjudication of insanity, defense counsel filed a motion for post-conviction relief on the grounds that the defendant was not competent to stand trial. The trial court denied the motion because it found that the defendant, through counsel, had waived his right to an evidentiary hearing and therefore was precluded from asserting that his rights had been violated. The appellate court held that “a defendant who is presumptively incompetent is not sui juris until so declared by the court, so he cannot waive a competency hearing.” In the present case, the trial court’s failure-to afford the defendant a hearing after considering the psychiatric reports was error. The legal status of a defendant cannot be adjudicated from incompetent to competent without a hearing. Alexander v. State; Parks v. State, 290 So.2d 562 (Fla. 4th DCA 1974).[1]
I am also unable to agree with my colleagues’ application of Lopez v. State, 405 So.2d 484 (Fla. 3d DCA 1981) and McKnight v. State, 319 So.2d 647 (Fla. 3d DCA 1975) to the instant case. It is undisputed here that there was no agreement between the court and the parties that the issue of insanity could be tried on the written medical reports, therefore, Lopez and McKnight are inapposite.
The majority suggests that the state might have been ambushed by the defense’s do-nothing tactic. Again I disagree. It was the state, weeks before commencement *775 of the trial, which first brought to the court’s attention the defendant’s psychiatric history:
PROSECUTOR: Excuse me, Judge. As Mr. Wells has been before the system before and I believe has already been found not guilty by reason of insanity, we would request evaluations at this time.
THE COURT: Really?
PROSECUTOR: Yes, Judge. He has a rather lengthy history.
The next day counsel for the defendant filed a Notice of Intent to Rely upon the Defense of Insanity. The defendant’s “utilizing the state’s procedural inadequacies” consisted of nothing more than silently waiting for the state to carry its burden— the right of a defendant in any criminal prosecution.

. In Parks the defendant had previously been adjudged incompetent. Thereafter, without a hearing, the defendant was deemed competent based on an ex parte letter from the Florida State Hospital. He was tried and convicted. In remanding for a hearing the court held “the question of a defendant’s sanity is a legal question and not a medical question, although based upon other evidence, and it must be ‘legally decided’.”