Honorable T.J. "Jerry" Greeson Clerk of Courts Nassau County.
QUESTION: Does the clerk of the court as county recorder have the authority to refuse instruments for recording which are not legible?
SUMMARY: If the clerk can determine that the instrument, even though illegible, is entitled to be recorded, it must be recorded if properly executed and upon payment of the clerk's fee. If he is unable, however, to determine from the face of the instrument whether it is required or authorized to be recorded or whether it has been properly executed, the clerk is not required to record such an instrument.
The clerk of the circuit court, unless provided otherwise by county charter or special law approved by the electors, is theex officio clerk of the board of county commissioner, county auditor, county recorder and custodian of county funds.[1]
Pursuant to s. 28.222(1), F.S., the clerk "shall be the recorder of all instruments that he may be required or authorized by law to record in the county where he is clerk."
Section 28.222(3), F.S., provides that the clerk of the circuit court shall record certain enumerated documents upon payment of the service charge.[2] The term "shall" in a statute has, according to its normal usage, a mandatory connotation.[3]
In addition, the courts of this state have generally stated that the clerk acts in a purely ministerial capacity and has no discretion to determine the sufficiency of the documents presented for filing.[4]
This office has stated that if an instrument is entitled to be recorded, it must be recorded by the clerk if properly executed and upon payment of the clerk's fee.[5] Fore example, one of my predecessors in office concluded that the clerk must record a deed properly executed in accordance with the statute although he deemed the description to be unintelligible and confusing.[6]
Therefore, if you, as clerk, are able to determine that the instrument is entitled to be recorded and has been properly executed or acknowledged as required by statute, you must record the instrument upon payment of the service charge even though the instrument may be illegible.
The courts, however, have generally recognized that it is the duty of the clerk to refuse to record an instrument which on its face clearly shows that it is not entitled to be recorded.[7]
Therefore, if you are unable to determine whether the instrument is entitled to be recorded or whether it has been properly executed, you are not, in my opinion, required to record such an instrument. In such cases, however, you may wish to seek judicial clarification regarding your duties to record the instrument in question.
RAB/tjw
[1] See, s. 1(d), Art. VIII, State Const., and Alachua County v. Powers, 351 So.2d 32, 35 (Fla. 1977).
[2] And see, s. 28.223, F.S., providing for the recordation of probate records.
[3] See, e.g., Neal v. Bryant, 149 So.2d 529 (Fla. 1962).
[4] See, Ferlita v. State, 380 So.2d 1188 (2 D.C.A. Fla., 1980). And see, Pan American World American World Airways v. Gregory, 96 So.2d 669 (3 D.C.A. Fla., 1957).
[5] See, AGO 75-309 stating that the clerk is required to record any deed properly executed upon proper payment of the clerk's service charge if such deed is otherwise entitled to recordation under s. 28.222, F.S. And see, AGO 67-6 (clerk has no duty, responsibility or authority to examine an instrument presented for filing to determine if the requisites of the Uniform Commercial Code have been met except that statute requires clerk to insure that instrument contains a statement to the effect that the documentary stamp tax has been paid).
[6] Attorney General Opinion 44-86, Biennial Report of the Attorney General 1943-1944, p. 115.
[7] See. Leatherman v. Schwab, 124 So. 459 (Fla. 1929).And see, AGO 79-57 ("trust agreement" concerning real property within the scope of s. 695.03, F.S., which has not been acknowledged by the executing party or proved by a subscribing witness as required by statute, is not entitled to be recorded in the official public records); AGO 75-133.